IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

B.R. GUEST, LLC,

       Plaintiff,

  v.

SOCO HOSPITALITY GROUP, LLC, d/b/a
FLIPSIDE BAR & BURGER

       Defendants.
                                      /

No. C 13-00110 SI

**ORDER DENYING MOTION TO QUASH SERVICE AND DISMISS COMPLAINT**

Defendant has filed a motion to dismiss the complaint in this action. The motion is currently scheduled for hearing on May 3, 2013. Pursuant to Civil Local Rule 7-1(b), the Court finds this motion appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby DENIES the motion to dismiss.

## BACKGROUND

This copyright infringement action was initiated by plaintiff B.R. Guest, LLC ("BRG"), a limited liability company incorporated under the laws of Delaware and based in New York, NY. Plaintiff BRG acts as a management company for several restaurants doing business as Bill's Bar & Burger. Compl. ¶¶ 4, 7. SoCo Hospitality Group, LLC ("SOCO") is alleged to be a California limited liability company doing business as Flipside Bar & Burger in Santa Rosa, CA. *Id.* ¶ 5.

Plaintiff asserts jurisdiction under 28 U.S.C.A. § 1338(a), because the action arises under the Copyright Act. Plaintiff alleges that the defendant infringed plaintiff's copyright in the Bill's Bar & Burger Menu ("Bill's Menu," Compl. Ex. A) by copying, preparing derivative works of, displaying, and/or distributing unauthorized reproductions as the Flipside Menu (Compl. Ex. C). *Id.* ¶¶ 8-14.

1  Plaintiff alleges willful infringement under 17 U.S.C. § 101 *et seq*, and seeks injunctive relief, award
2  of profits derived from the acts of copyright infringement, actual damages sustained by plaintiff, and
3  costs pursuant to 17 U.S.C. § 505. *Id.* ¶ 15.

4  On the cover page of the original complaint, in the summons, and in the affidavit of service, the
5  defendant's name was listed as "SOCO HOSPITALITY, LLC, d/b/a FLIPSIDE BAR & BURGER."
6  The word "GROUP" was omitted from the name of the company. However, in the body of the
7  complaint, defendant was identified in full as "SoCo Hospitality Group, LLC," doing business as
8  Flipside Bar & Burger, located at 630 Third Street, Santa Rosa, CA 95414. Compl. ¶ 5. Defendant does
9  not dispute that the name or address in the body of the complaint is correct.

10  Defendant moves to quash service and dismiss the complaint ("Mot.," Dkt. 8), arguing that
11  because the summons, complaint caption, and affidavit of service identifies "SoCo Hospitality, LLC,"
12  – a company which does not exist – as opposed to "SoCo Hospitality Group, LLC", which does exist,
13  the Court does not have personal jurisdiction in this matter under Rule 12(b)(2) and the summons was
14  insufficient under Rule 12(b)(5). Plaintiff responds that despite the typographical error, defendant SoCo
15  Hospitality Group, LLC received sufficient notice of the suit, and because defendant has made no
16  allegations that actual service of the complaint was defective, Rules 12(b)(2) and 12(b)(5) do not apply.

17  Plaintiff notes that in addition to correctly identifying the defendant in the body of the complaint,
18  plaintiff correctly named the defendant as "SOCO Hospitality Group, LLC" on the Civil Cover Sheet.
19  Opposition to Motion to Dismiss ("Oppo.," Dkt. 14) at 2. Further, plaintiff notes that defendant's
20  counsel contacted plaintiff's counsel by telephone to request two additional weeks to respond to the
21  complaint, and did not object to service or claim confusion as to the identity of defendant. Fernandes
22  Decl. ¶ 2. Plaintiff contends, therefore, that defendant had sufficient notice of the claims and allegations
23  in this case, and the typographical error was not prejudicial to the defendant.

## LEGAL STANDARD

26  Rule 12(b)(5) of the Federal Rules of Civil Procedure authorizes a defendant to move for
27  dismissal due to insufficient service of process. *See* Fed.R.Civ.P. 12(b)(5). When a defendant
28  challenges service, the plaintiff bears the burden of establishing the validity of service as governed by

2

Rule 4. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir.2004). If the plaintiff is unable to satisfy its burden of demonstrating effective service, the court has discretion to either dismiss or retain the action. *See Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir.1976).

The Ninth Circuit has long held that "[d]ismissals for defects in the form of summons are generally disfavored. Such defects are considered 'technical' and hence are not a ground for dismissal unless the defendant demonstrates actual prejudice." *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir.1994); *see also United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir.1984) ("Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint.").

**DISCUSSION**

SOCO argues that since "SOCO Hospitality, LLC" is named in the complaint caption, summons, and affidavit of service, and a company with that name does not exist, plaintiff BRG cannot show jurisdiction over any actual defendant. Reply in Support of the Motion to Dismiss ("Reply," Dkt. 17) at 3-4.[1] BRG responds that because the defendant company was named in full in the body of the complaint, and in the Civil Cover Sheet, there was no confusion about the identity of the actual defendant, SOCO Hospitality Group, LLC. In addition, BRG notes that because both the complaint and summons added "d/b/a Flipside Bar & Burger" and contained the correct address for the business, sufficient identifying information and adequate notice was given to the defendant. Plaintiff also points out that SOCO filed a stipulation in this case referring to itself as "Defendant, SOCO Hospitality Group, LLC" (Dkt. 7) and defendant's counsel contacted plaintiff's counsel to discuss the facts of the matter, and expressed no confusion about the identity of the parties. Oppo. at 4.

Courts in the Ninth Circuit have long declined to assign undue weight to typographical errors or misnomers in proceedings. *See, e.g., Yeseta v. Baima*, 837 F.2d 380, 383 (9th Cir. 1988) ("Since the Plan was sufficiently identified in the body of the complaint, the action was properly maintained"); *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir.1983) ("[A] party may be

---

[1] SOCO contends that there is no record of "SOCO Hospitality, LLC" with the California Secretary of State. Fietz Decl. ¶ 6.

3

properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant.") (citing *Hoffman v. Halden*, 268 F.2d 280, 303-304 (9th Cir.1959)); *see also Barsten v. Dep't of the Interior*, 896 F.2d 422, 423 (9th Cir. 1990) ("a suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant … it has fulfilled its purpose…").

In arguing that service was insufficient, defendant relies on precedent that is inapposite here. Defendant's cases do not address a misnomer or omission in the complaint caption, summons, or affidavit of service. *See Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (plaintiffs incorrectly sued defendants in their official, rather than individual, capacities); *Norlock v. City of Garland*, 768 F.2d 654, 656 (5th Cir. 1985) (plaintiff served complaint by mail without copies of notice, acknowledgment of receipt, or return envelope, and failed to remedy defective service); *Rio Properties Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002) (addressing court-ordered method of service and reach of state long-arm statute in foreign jurisdiction).

Here, the Court finds that because plaintiff used defendant's correct name in the Civil Cover Sheet and in the body of the complaint, and in the absence of any indication that the defendant was prejudiced in any manner or unclear about the parties in the allegations, the Motion to Dismiss is denied.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendant SOCO's motion to dismiss.

**IT IS SO ORDERED.**

Dated: April 29, 2013

SUSAN ILLSTON
United States District Judge